UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANDREA WOOD,

Plaintiff,

v.

JANSEN WOOD, *et al.*,

Defendants.

Case No. 3:25-cv-00427-ART-CLB

ORDER GRANTING MOTION TO DISMISS

(ECF No. 29)

*Pro se* Plaintiff Andrea Wood sues her siblings Jansen Wood and Melissa Wood over the management of their father's estate, bringing claims sounding in conversion, fraudulent misrepresentation, and other causes of action. (ECF No. 7.) Defendants filed a motion to dismiss claiming, among other things, that the Court lacks personal jurisdiction. (ECF No. 29.) Plaintiff has since submitted several filings in response to the motion to dismiss (ECF Nos. 32, 37, 39), including two motions to strike (ECF No. 32, 37). The Court now denies Plaintiff's motions to strike (ECF No. 32, 37) and grants Defendants' motion to dismiss. (ECF No. 29.)

## I.   DISCUSSION

### A. Plaintiff's motion to strike Defendant's motion to dismiss is denied. (ECF No. 38.)

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quotation marks, citation, and first alteration omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

1

The Court denies Plaintiff's motions to strike. (ECF No. 32, 37.) Construing Plaintiff's *pro se* motion liberally, she alleges in essence that Defendants' motion to dismiss is "immaterial" and constitutes an "insufficient defense." *See Hall v. Turner*, 924 F.2d 1062 n.1 (9th Cir. 1991). The motion to dismiss asserts lack of personal jurisdiction, lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, failure to state a claim, and res judicata. (ECF No. 29.) In response to the Defendants' claim that this case should be dismissed under the *Rooker-Feldman* doctrine and res judicata, Plaintiff argues that this case's issues are distinct because it involves the inheritance of assets, whereas other cases involved matters such as charitable assets established by the estate and the income of management fees paid to the co-trustees. (ECF No. 32.) In response to Defendants' jurisdictional arguments, she asserts that federal courts have jurisdiction to hear claims for damages from heirs. (*Id.*) First, Plaintiff's arguments do not show that the motion to dismiss is immaterial or insufficient. At best, they may show a dispute on the merits as to certain bases for dismissal, but not that Defendants' motion is so flimsy that it should be stricken rather than adjudicated. Second, her motions do not address Defendants' arguments about personal jurisdiction or failure to state a claim. Defendants' motion to dismiss is far from "spurious." *Fantasy*, 984 F.2d at 1527. It should be evaluated on the merits, and in fact, on the merits it succeeds. *See infra*, Section I.B.

**B. Defendants' motion to dismiss is granted. (ECF No. 23.)**

Although the defendant is the moving party on a motion to dismiss, the plaintiff bears the burden of establishing that jurisdiction exists. *See KVOS, Inc. v. Assoc. Pres*s, 299 U.S. 269, 278 (1936). The plaintiff need only make a prima facie showing of jurisdiction to avoid the defendant's motion to dismiss. *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 268 (9th Cir.1995); *Data Disc, Inc. v. Sys. Tech. Assocs.,* 557 F.2d 1280, 1285 (9th Cir.1977). In determining

whether Plaintiff has met this burden, uncontroverted allegations in Plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996).

Personal jurisdiction must comport with the state long-arm statute, and with the requirements of due process. *Omeluk,* 52 F.3d at 269. Because Nevada's long-arm statute permits the exercise of jurisdiction to the same extent as the Constitution, it is sufficient to show that the exercise of personal jurisdiction would comply with due process. NRS 14.065; *see id.*

Courts have general jurisdiction over individuals where they live. *See Vontress v. Nevada,* No. 218CV01746RFBPAL, 2019 WL 2503948, at *1 (D. Nev. June 17, 2019) (citing *Milliken v. Meyer,* 311 U.S. 457, 462–64 (1940)). Specific jurisdiction "exists when there are sufficient minimal contacts with the forum such that the assertion of personal jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Waterfall Homeowners Ass'n v. Viega, Inc.,* 283 F.R.D. 571, 576 (D. Nev. 2012) (citing *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945)). In the Ninth Circuit, a three-part test dictates whether specific jurisdiction can be exercised over the defendant: (1) Defendants must have performed some act or consummated some transaction with the forum by which they purposefully availed itself of the privilege of conducting business in Nevada; (2) Plaintiff's claims must arise out of or result from Defendants' forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985); *Haisten v. Grass Valley Med. Reimbursement Fund,* 784 F.2d 1392, 1397 (9th Cir.1986).

In the absence of general or specific jurisdiction, courts may also exercise personal jurisdiction over defendants who have given "express or implied consent

3

to the personal jurisdiction of the court," *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). These arrangements often take the form of a contractual forum-selection clause or a stipulation. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

This Court lacks personal jurisdiction over Defendants. General jurisdiction does not lie because Defendants reside in Florida. (ECF No. 1.) There is no dispute on that point. As for specific jurisdiction, Plaintiff has not met her burden to show that the complaint relates to Defendants' purposeful contacts with the state of Nevada. The acts giving rise to the complaint relate to the alleged theft of money from a "Florida trust." (ECF No. 1). There has been no allegation that Defendants have performed acts within Nevada that gave rise to the claim. (*Id.*) Plaintiff asserts that the court can take jurisdiction over the Defendants under the "federal probate exception" of *Marshall v. Marshall*, 547 U.S. 293 (2006). (ECF No. 15, 18, 57.) That case deals not with personal jurisdiction, but with a carve-out to an exception to bankruptcy jurisdiction under 28 U.S.C. § 1334. In her pleadings on jurisdiction, Plaintiff has not alleged that the supposed wrongs arise out of or result from Defendants' purposeful Nevada-related activities, or indeed that Defendants have purposefully availed themselves of the privileges of conducting business in Nevada.

Defendants have not consented to the exercise of personal jurisdiction in this case. In one of Plaintiff's filings, she argues that Defendants have consented to jurisdiction. It appears that her argument is based on Defendants having filed in another case between the same parties, *Wood v. Wood*, No. 3:25-CV-00180-ART-CSD. A defendant does not consent to personal jurisdiction in Nevada merely by filing in court in Nevada, and nothing shows that Defendants have otherwise entered into an agreement to litigate in Nevada. *See, e.g.  Siren Gaming, LLC v. Arviso*, 153 F. App'x 420, 421 (9th Cir. 2005); *Pfister v. Selling Source*, LLC, 931

F. Supp. 2d 1109, 1116 (D. Nev. 2013).

As this case is dismissed for lack of personal jurisdiction, dismissal is without prejudice. *Fiorani v. Berenzweig,* 441 F. App'x 540, 541 (9th Cir. 2011) ("dismissals for failure to effect service and for lack of personal jurisdiction must be without prejudice").

## II.   CONCLUSION

It is therefore ordered that Defendant's motion to dismiss (ECF No. 29) is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is instructed to ENTER JUDGMENT accordingly and to CLOSE this case.

It is further ORDERED that Plaintiff's motions to strike Defendants' motion to dismiss (ECF No. 32, 37) are denied.

It is further ORDERED that all other motions by Plaintiff or by Defendants are denied as moot. (ECF No. 25, 27, 40, 41, 42, 43, 44, 45, 48, 50, 51, 53, 57, 64, 65, 66, 67, 70, 72)

DATED: April 14, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE